IN THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF FLORIDA, MIAMI
DIVISION

CASE NO.

QUANTUM CAPITAL, LLC., a
Florida Limited Liability Company,

        Plaintiff,

vs.

BANCO DE LOS TRABAJADORES,
A Guatemalan entity, SERGIO HERNANDEZ,
EDUARDO LIU, and RONALD GARCIA,

        Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, BANCO DE LOS TRABAJADORES ("BANTRAB"), SERGIO HERNANDEZ, ("HERNANDEZ"), EDUARDO LIU ("LIU), and RONALD GARCIA ("GARCIA"), by and through the undersigned counsel, pursuant to Fed. R. Civ, P. 81(c) and 28 U.S.C §§1332, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby file this Notice of Removal of the above-referenced case from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, where the action is now pending under Case Number 14-06662 CA 40 to the United States District Court for the Southern District of Florida, Miami Division, on the following grounds:

1

## REMOVAL JURISDICTION

1. This case invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. Removal is proper pursuant to 28 U.S.C. § 1441 and 1446.

2. The above-referenced action was commenced in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, State of Florida, by the filing of a Complaint. (*See* Complaint attached hereto as Exhibit "A"). Defendants were allegedly served in Panama with the complaint through undersigned counsel on July 30, 2014. Defendants intend to challenge the validity of service. Nevertheless, to comply with Fed. R. Civ. P. 81(c), this Notice of Removal is filed within the time frame set out in the rule in light of the earliest possible date of the purported service.

3. The complaint states that the alleged unlawful practices were committed in Miami-Dade County, Florida. Therefore, venue is proper in the Miami Division of the United States District Court, Southern District of Florida.

4. This Notice of Removal is being filed within thirty (30) days of the alleged service on Defendants of the complaint and is timely filed under 28 U.S.C. § 1446(b). Defendants were not previously served with any other pleadings. To date, no other process, pleadings or orders have been served on Defendants.

5. The time for answering, filing any motion or otherwise responding to the above captioned action has not yet expired.

## DIVERSITY JURISDICTION

6. The District Court of the United States has original jurisdiction of any civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states. 28 U.S.C. § 1332(a).

2

7. Plaintiff, QUANTUM CAPITAL, LLC, ("QUANTUM") is a Florida Limited Liability Company with its principal place of business in Miami-Dade County, Florida. (Exhibit "A", ¶ 1).

8. Defendant, BANTRAB, is a Guatemalan corporation with its principal place of business in Guatemala City, Guatemala. (Exhibit "A", ¶ 2).

9. Defendants, HERNANDEZ, LIU, and GARCIA are Guatemalan citizens. (Exhibit "A", ¶ 3-5).

10. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Complete diversity exists under 28 U.S.C. § 1332(a)(2) because Plaintiff is incorporated under the laws of Florida, and Defendant BANTRAB is incorporated under the laws of Guatemala, and Defendants, HERNANDEZ, LIU, and GARCIA are citizens or subjects of Guatemala.

12. In addition, where there is diversity of citizenship, the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

13. Courts typically "look to the complaint to establish the amount in controversy." McGee v. Sentinel Offender Servs., LLC, 719 F.3d 1236, 1241 (11th Cir. 2013).

14. The complaint indicates that the Plaintiff seeks damages in the amount of at least $3,250,000.00. (Exhibit "A", ¶ 40-80).

3

15. Therefore, this action may be removed to the United States District Court, in and for the Southern District of Florida, Miami Division pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441.

## ADOPTION AND RESERVATION OF DEFENSES

16. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

17. Complaint in the case of QUANTUM CAPITAL, LLC v. BANCO DE LOS TRABAJADORES, purportedly served on Defendants on July 30, 2014, has been attached hereto as Exhibit "A." Exhibit "B" includes true and correct copies of all process, pleadings, orders, and other papers or exhibits of every kind, filed in state court, and in conformity with 28 U.S.C. § 1446(a).

18. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446(b).

19. The United States District Court for the Southern District of Florida, Miami Division, is the court and division embracing the place where this action is pending in state court.

20. Written notice of the filing of this Notice of Removal will be served upon Plaintiff as required by 28 U.S.C. § 1446(d).

4

21. A duplicate copy of this Notice of Removal will be filed with the clerk of Circuit Court of the Eleventh Judicial Circuit in and for Miami- Dade County, Florida pursuant to 28 U.S.C. § 1446(d).

22. Defendants reserve the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

## CONCLUSION

23. Defendants have complied with the procedural requirement of 28 U.S.C. § 1446, and the Federal Rules of Civil Procedure, which govern removal from state court, and this court has original jurisdiction over this matter.

WHEREFORE, Defendants respectfully request that the above-styled state court action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this 29th day of August, 2014.

**DORTA & ORTEGA, PA**

/s/
Omar Ortega, Esq.
Florida Bar No. 0095117
3860 S.W. 8 Street, Suite PH
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
hreyes@dortaandortega.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic correspondence to: alex.gonzalez@hklaw.com, israel.encinosa@hklaw.com, michael.redondo@hklaw.com on this 29th day of August, 2014 upon:

**Holland & Knight, LLP**
*Attorneys for Plaintiff*
Alex M. Gonzalez, Esq.
Israel J. Encinosa, Esq.
Michael D. Redondo, Esq.
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
alex.gonzalez@hklaw.com
israel.encinosa@hklaw.com
michael.redondo@hklaw.com

/s/ **OMAR ORTEGA**