**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:14-CV-23193-UU**

QUANTUM CAPITAL, LLC., a
Florida Limited Liability Company,

                     Plaintiff,

vs.

BANCO DE LOS TRABAJADORES, a
Guatemalan entity, SERGIO HERNANDEZ,
an individual, EDUARDO LIU, an individual,
and RONALD GARCIA, an individual

                     Defendants.

_____/

## <u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO</u><br><u>AMENDED COMPLAINT</u>

      Defendants, Banco de Los Trabajadores ("BANTRAB"), Sergio Hernandez ("Hernandez"), Eduardo Liu ("Liu"), and Ronald Garcia ("Garcia"), hereby files their Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff, Quantum Capital, LLC ("Quantum" or "Plaintiff"), as follows:

### <u>PARTIES</u>

1.     Defendants lack knowledge as to the allegations made in this paragraph and on that basis, denied.

2.     Admit.

3.     Admit.

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint

Page **1** of 17

4.      Admit.

5.      Admit.

6.      The allegations of this paragraph do not require and admission or denial from Defendants.

## JURISDICTION AND VENUE

7.      Denied.

8.      Denied.

9.      Denied.

## GENERAL ALLEGATIONS

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Admit only that Deutsche Bank advised BANTRAB of their desire to postpone debt issuance until the market stabilized.  The remaining allegations of this paragraph are denied.

16.     The contract attached to Complaint as Exhibit "A" speaks for itself.  To the extent the allegations in this paragraph change the terms of this agreement, the allegations are denied. The remaining allegations of this paragraph are denied.

17.     Denied.

18.     Denied.

19.     Admit only that BANTRAB met with Deutsche Bank officials and began finalizing

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **2** of **17**

documents for debt issuance.  The remaining allegations of this paragraph are denied.

20.      Denied.

21.      Denied. BANTRAB does not owe Quantum a 1.5% success fee.

## The Preferred Equity Purchase Agreement

22.      Denied.

23.      Denied.

24.      Denied.

25.      Denied.

26.      Denied.

27.      Denied.

28.      Denied.

29.      Defendants lack knowledge as to the allegations made in this paragraph and on that basis, denied.

30.      Denied.

31.      Admit only that Exotix was unable to locate a suitable investor and BANTRAB terminated their agreement.  The remaining allegations of this paragraph are denied.

32.      Denied.

33.      Denied.

34.      Admit only that Quantum prepared a term sheet for the investment by DHK Finance, but this term sheet was revised by BANTRAB without the assistance of Quantum because the term sheet prepared by Quantum was detrimental to the interests of BANTRAB. The remaining allegations of this paragraph are denied.

35.       Denied.

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.*; Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **3** of 17

36.     Denied.

37.     Admit only that the transfer of stock between BANTRAB and DHK Finance was

completed, but deny tht the transfer took place on June 4, 2013.

38.     Denied. BANTRAB does not owe Quantum a 5% success fee.

## CLAIMS RELATING TO THE DEBT ISSUANCE AGREEMNT

## COUNT I—BREACH OF CONTRACT

### (Against BANTRAB)

39.     Defendants adopt and incorporate their responses to paragraphs 1-38 as if fully set forth

herein.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

Denied that Plaintiff is entitled to judgment against BANTRAB for damages in an

amount of $2,250,000.00, interest, costs, or any further relief requested of this Court by Plaintiff.

## COUNT II—UNJUST ENRICHMENT

### (Against BANTRAB)

44.     Defendants adopt and incorporate their responses to paragraphs 1-38 as if fully set forth

herein.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **4** of 17

Denied that Plaintiff is entitled to judgment against BANTRAB for compensatory damages in the amount of $2,250,000.00, interest, costs, restitution, the imposition of a constructive trust/ equitable lien or any further relief requested of this Court by Plaintiff.

## COUNT III—PROMISSORY ESTOPPEL

### (Against BANTRAB)

49.     Defendants adopt and incorporate their responses to paragraphs 1-38 as if fully set forth herein.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

Denied that Plaintiff is entitled to judgment against BANTRAB for compensatory damages in the amount of $2,250,000.00, interest, costs, restitution, the imposition of a constructive trust/ equitable lien or any further relief requested of this Court by Plaintiff.

## CLAIMS RELATING TO PREFERRED EQUITY PURCHASE AGREEMENT

## COUNT IV—BREACH OF ORAL CONTRACT

### (Against BANTRAB)

54.     Defendants adopt and incorporate their responses to paragraphs 1-38 as if fully set forth herein.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **5** of 17

Denied that Plaintiff is entitled to judgment against BANTRAB for damages in the amount of $1,000,000.00, interest, costs, or any further relief requested of this Court by Plaintiff.

## COUNT V—UNJUST ENRICHMENT

### (Against BANTRAB)

59.     Defendants adopt and incorporate their responses to paragraphs 1-38 as if fully set forth herein.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

Denied that Plaintiff is entitled to judgment against BANTRAB for compensatory damages in the amount of $1,000,000.00, interest, costs, restitution, the imposition of a constructive trust/ equitable lien or any further relief requested of this Court by Plaintiff.

## COUNT VI—PROMISSORY ESTOPPEL

### (Against BANTRAB)

64.     Defendants adopt and incorporate their responses to paragraphs 1-38 as if fully set forth herein.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

Denied that Plaintiff is entitled to judgment against BANTRAB for compensatory damages in the amount of $1,000,000.00, interest, costs, restitution, the imposition of a

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **6** of 17

constructive trust/ equitable lien or any further relief requested of this Court by Plaintiff.

## CLAIMS RELATING TO THE DEBT ISSUANCE AGREEMENT AND THE PREFERRED EQUITY PURCHASE AGREEMENT.

### COUNT VII—FRAUD IN THE INDUCEMENT

#### (Against Hernandez, Garcia, and Liu)

69.     Defendants adopt and incorporate their responses to paragraphs 1-38 as if fully set forth

herein.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Admit only that the photographs attached as Exhibit "B" are authentic.  The remaining

alllegations of this paragraph are denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **7** of **17**

85.     Denied.

86.     Denied.

87.     Denied.

Denied that Plaintiff is entitled to judgment against Hernandez, Liu, or Garcia for compensatory damages in the amount of $3,250,000.00 interest, costs, restitution, the imposition of a constructive trust/ equitable lien or any further relief requested of this Court by Plaintiff.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### *(Illegality)*

The right to contract is subject to the general rule that the agreement must be legal. *Thomas v. Ratiner*, 462 So.2d 1157 (Fla. 3d DCA 1984).  If either its formation or its performance is criminal, tortious, or otherwise opposed to public policy, the contract or bargain is illegal *ab initio.  Id.*  Where an act is prohibited or declared unlawful, it is not necessary for the law to declare the act or contract void as an unlawful act is itself void.  *Id.*  Contracts which are void because prohibited by statute are designated as *malum prohibitum.* Where a statute imposes a penalty for an act, a contract founded upon said act is considered *void ab initio* in Florida.  *Id.* Where a contract is expressly prohibited by law, no court of justice will entertain an action upon it, and where a statute pronounces a penalty for an act, a contract founded on such act is void although that statute does not pronounce it void nor expressly prohibit it. *Town of Boca Raton v. Raulerson*, 108 Fla. 376, 146 So.576 (1933).  The situation where a party fails to submit to government licensing or other regulation is an example of contracts that violate penal law.  A contract entered into under such circumstances is void and unenforceable.  *D&L Harrod, Inc. v. U.S. Precast Corp.*, 322 So.2d 630, 631 (Fla. 3d DCA 1975) (holding that "there is no legal remedy for that which is illegal itself").   Moreover, where a contract is void because it violates a penal statute, recovery on an equitable theory such as unjust enrichment is also barred.  *See Vista Designs, Inc. v. Silverman*, 774 So.2d 597 (Fla. 3d DCA 2001).

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **8** of 17

> The broad basis for the doctrine that contracts of certain unlicensed persons are unenforceable is that the courts should not lend their aid to the enforcement of contracts where performance would tend to deprive the public of the benefits of regulatory measures.

*Id*. at 886 citing *Cooper v. Paris,* 413 So.2d 772 (Fla. 1st DCA 1982).

 Any agreement or obligation to pay Plaintiff a commission is proscribed by Florida and Federal securities law because the transactions at issue involved the purchase, sale, and exchange of securities and Plaintiff fails to allege that it is registered to broker or deal in securities transactions. Here, Plaintiff bases its entitlement to commissions upon the consummation of two securities transactions allegedly facilitated by Plaintiff, one between DHK Finance and BANTRAB whereby BANTRAB sold to DHK $20 million of preferred stock and another transaction between Deutsche Bank and BANTRAB whereby Deutsche Bank issued debt to BANTRAB in the amount of $150 million (the "Senior Unsecured Loan Agreement").

 Securities transactions are heavily regulated. As such, in order for a broker to earn a commission for a securities transaction, they must be registered as a broker with the Securities and Exchange Commission ("SEC"). 15 U.S.C.A. §78o(a)(1).  Federal law dictates:

> It shall be unlawful for any broker or dealer which is either a person other than a natural person or a natural person not associated with a broker or dealer which is a person other than a natural person (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) to make use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with subsection (b) of this section.

15 U.S.C.A. §78o(a)(1).   Under the SEC Act, the term "person" means a natural person, company, government, or political subdivision, agency, or instrumentality of a government. 15 U.S.C.A. § 78c(9).

 To become registered under this statute, a broker must file with the SEC an application for registration "in such form and containing such information and documents concerning such broker or dealer and any persons associated with such broker or dealer as the Commission, by

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **9** of **17**

rule, may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C.A. §78o(b)(1). The term "broker" means any person engaged in the business of effecting transactions in securities for the account of others." 15 U.S.C.A. §78c(a)(4)(A).

Florida has also codified the requirement that a broker be registered to deal in securities in Florida Statute §517.12, which states:

> No dealer, associated person, or issuer of securities shall sell or offer for sale any securities in or from offices in this state or sell securities to persons in this state from offices outside this state, by mail or otherwise, unless the person has been registered with the office pursuant to the provisions of this section. The office shall not register any person as an associated person of a dealer unless the dealer with which the applicant seeks registration is lawfully registered with the office pursuant to this chapter.

Fla. Stat. §517.12(1). Under chapter 517, a "dealer" includes any person, other than an associated person registered under this chapter, who engages, either for all or part of her or his time, directly or indirectly, as a broker or principal in the business of offering, buying, or selling, or otherwise dealing or trading in securities issued by another person." For purposes of Florida law, a limited liability company falls under the definition of "person". Fla. Stat. §605.0102(48).

The Third District has held that any contract made in violation of Chapter 517 is void and confers no enforceable rights on the contracting parties. *Umbel v. Foodtrader.com, Inc.,* 820 So.2d 372, 373-74 (Fla. 3d DCA 2002). The court noted in *Umbel*, that the parties' partnership agreement was created for purpose of obtaining investors for companies, in exchange for a fee or commission. *Id.* at 374. The court further noted that such an endeavor, when carried out by parties who are not registered securities dealers under the Florida Securities and Investor Protection Act, are unenforceable. *Id.* The First District reached the same conclusion and held that a contract providing for a commission for sale of stock by person who failed to register pursuant to this section was void *ab initio* and unenforceable. *Edwards v. Trulis*, 212 So.2d 893, 897 (Fla. 1st DCA 1968). The court stated,

> There can be little doubt but that the foregoing statute [§517.12] was enacted pursuant to the police power granted by the Constitution of Florida, and establishes the policy that the public must be protected against fraudulent and deceptive practices in the sale and marketing of securities. Under these circumstances it

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **10** of **17**

must be held as a matter of law that any contract made in violation of its terms, provisions, or requirements is void and confers no enforceable rights on the contracting parties. *Id.* at 895.

Federal courts have also held that contracts that violate SEC regulations are void. Even a contract that is legal on its face will nonetheless not be enforced if its performance would violate the securities laws. *See Berckeley Inv. Group v. Colkitt,* 455 F.3d 195, 206 (3d Cir.2006); *Regional Props. v. Financial and Real Estate Consulting Co.,* 678 F.2d 552, 561 (5th Cir.1982).

It is undisputed that Plaintiff's recovery of a commission is premised on its activity as a broker facilitating a transaction that involved the purchase, sale, dealing, and exchange of securities of BANTRAB and Deutsche Bank.

Plaintiff asserts that it was acting as a primary advisor introducing agents to BANTRAB for debt issuance, laying the framework for the consummation of the transactions. Plaintiff further alleges that BANTRAB agreed to compensate it for introducing a qualified investor or purchaser who would complete a preferred equity purchase of BANTRAB's securities and that Plaintiff allegedly conferred a benefit upon BANTRAB because it introduced it to DHK and aided in the execution of the purchase by DHK of $20 million in BANTRAB preferred equity. This is the quintessential definition of dealing in securities, which requires Plaintiff to be registered and licensed in compliance with Florida and Federal securities law. *See* Fla. Stat. §517.011, *et seq*; 15 U.S.C. §78o. Plaintiff has failed to allege in any manner that it was, at all material times hereto, (1) a registered dealer under Florida Securities and Investor Protection Act, §517.011, *et seq.*, and (2) a registered dealer as required under Section 15(a)(1) of the Securities Exchange Act of 1933, 15 U.S.C. §78o(a)(1).

As such, Plaintiff is specifically prohibited from collecting any compensation for the transactions between BANTRAB, Deutsche Bank, and DHK under any legal or equitable theory and this Court should dismiss Plaintiff's Complaint in its entirety.

## SECOND AFFIRMATIVE DEFENSE

### (No Individual Liability)

Plaintiff's causes of action against BANTRAB's officers and directors – Hernandez , Liu, and Garcia – are premised on alleged conduct performed by these individuals acting in their

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **11** of **17**

official capacity as officers and directors of Defendant BANTRAB. All of the alleged representations and actions of these individuals were alleged to have been made in furtherance of their representation of BANTRAB.  Any and all communications between any director and Plaintiff were performed only in their official capacity as an officer and director of BANTRAB and were not performed in their individual capacity.

While not specifically alleged in its Complaint, Plaintiff seeks to pierce the corporate existence of BANTRAB and hold Defendants Hernandez, Liu, and Garcia personally liable. Generally, directors, officers and stockholders are not liable for corporate acts simply by reason of their official relationship to the corporation.  *Taylor v. Wellington Station Condominium Association, Inc.,* 633 So.2d 43 (Fla. 5th DCA 1994).  It is well established Florida law that in order to hold an officer liable for the wrongs of a corporation, a Plaintiff must adequately plead and prove the substantive elements required to pierce the corporate veil.  *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008).   These elements are: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.  *Id.* at 1055.  Florida law will not allow the corporate existence to be disregarded based on plaintiff's unsupported conclusory allegations See *Crocker Const. Co. v. Hornsby*, 562 So. 2d 842, 843 (Fla. 4th DCA 1990); *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984); *Am. Exp. Ins. Services Europe Ltd. v. Duvall*, 972 So. 2d 1035, 1039 (Fla. 3d DCA 2008).

Plaintiff seeks to impose individual liability upon Hernandez, Liu, and Garcia for the alleged breaches of BANTRAB based on the mere fact that they were officers and directors of BANTRAB.  Florida law will not extend personal individual liability to shareholders, officers, and directors of a corporation absent pleading of fraud or ulterior motive by the shareholder or director.  *In re Hillsborough Holdings Corp.*, 166 B.R. 461, 469 (Bankr. M.D. Fla. 1994) *aff'd*, 176 B.R. 223 (M.D. Fla. 1994). In this case there was no fraud or ulterior motive by any of BANTRAB's directors.

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **12** of **17**

## THIRD AFFIRMATIVE DEFENSE

### *(Set Off)*

Defendants are entitled to an accounting and set-off of all sums of money received by Plaintiff by settlement, judgment, or otherwise, from any party in this action or any other source.

## FOURTH AFFIRMATIVE DEFENSE

### *(Express Contract)*

Plaintiff's equitable claims for unjust enrichment and promissory estoppel should be dismissed because these claims are premised on the exact same conduct that forms the basis for Plaintiff's alleged breach of contract claims.  No cause of action in unjust enrichment can exist where the parties' relationship is governed by an express contract. *Webster v. Royal Caribbean Cruises, Ltd.,* 124 F.Supp.2d 1317, 1326–27 (S.D.Fla. 2000).

## FIFTH AFFIRMATIVE DEFENSE

### *(Procuring Cause/Abandonment)*

Plaintiff was not the procuring cause of any agreement between Deutsche Bank and BANTRAB.  Florida Courts have recognized that to earn a commission a broker must perform two essential tasks: (1) the broker must initiate negotiations by doing some affirmative act to bring buyer and seller together and (2) the broker must remain involved in the continuous negotiations between the buyer and seller, unless the buyer and seller intentionally exclude the broker from the negotiations. *Rotemi Realty, Inc. v. Act Realty Co.,* 911 So.2d 1181, 1189 (Fla. 2005); *See also Taylor v. Dorsey,* 19 So.2d 876, 878 (Fla. 1944) (finding that for a broker to be entitled to a commission as the procuring cause, the transaction must have been effected as a result of the continuous negotiations inaugurated by him); *Siegel v. Landquest, Inc.,* 761 So.2d 415, 417 (Fla. 5th DCA 2000) (holding that a "broker must be involved in continuing negotiations…in other words; it is not enough for the broker to just have brought the buyer and the seller together").  The Florida Supreme Court has noted, "where a broker has failed to effect a sale and negotiations have ceased or been broken off, the owner may take up the negotiations

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **13** of 17

where they were left off and himself complete the sale, and the mere fact that the sale may in some degree have been aided by the previous efforts of the broker does not of itself entitle the latter to a commission." *Darracott v. Hemphill*, 825 So.2d 719, 721-22 (Fla. 1955) (quoting *Schuler v. Allen*, 76 So.2d 879, 882 (Fla. 1955). "If the broker abandons his attempts to bring the parties together and they later reach a deal on their own, the broker is not entitled to compensation." *Osheroff v. Rauch Weaver millsaps & Co.,* 882 So.2d 503, 505 (Fla. 4th DCA 2004).

The debt issuance transaction between Deutsche Bank and BANTRAB was negotiated and consummated through the unilateral and independent efforts of BANTRAB . Neither Jugo nor Quantum had any involvement with the negotiation or consummation of this transaction.

## SIXTH AFFIRMATIVE DEFENSE

### (*Standing*)

Plaintiff attempts to state a cause of action against BANTRAB for breach of contract, unjust enrichment and promissory estoppel on the grounds that it allegedly introduced BANTRAB to Deutsche Bank and that BANTRAB and Deutsche Bank eventually consummated a debt financing transaction, which entitled Plaintiff to a success fee pursuant to the alleged contract attached as Complaint Exhibit "A". This contract provides that a success fee will be paid in the form of 1.50% of the total debt raised under the engagement…" Pursuant to this contract, the services to be rendered by Plaintiff included the introduction by Plaintiff of "investors" to BANTRAB who may be interested in entering into a debt financing transaction with BANTRAB. Plaintiff was also required to assist BANTRAB in connection with the strategy and structure of any proposed transaction with the investor and was required to assist BANTRAB in negotiating the financial aspects of the definitive agreements with the investor.

Plaintiff alleges that it has fulfilled its engagement and is entitled to a commission under this contract because it successfully introduced Deutsche Bank, and laid the framework for the consummation of the transactions. The Plaintiff's allegation that it made the introduction between BANTRAB and Deutsch Bank is contradicted by its own allegation that the introduction was actually made by a separate unrelated entity, New Continent Finance.

The deal between Deutsche Bank and BANTRAB was consummated through the independent efforts of BANTRAB and through no efforts or assistance of Plaintiff whatsoever.

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **14** of **17**

As such, Plaintiff lacks standing to maintain these causes of action.

### SEVENTH AFFIRMATIVE DEFENSE

#### *(Condition Precedent)*

All or a portion of Plaintiff's claims are barred because of Plaintiff's failure to satisfy conditions precedent.  Plaintiff did not participate in any negotiations or consummation of the debt issuance transaction between Deutsche Bank and BANTRAB.

### EIGHTH AFFIRMATIVE DEFENSE

#### *(Parol Evidence)*

Any modifications to the contract attached as Complaint Exhibit "A" are precluded by the agreement itself and by the parol evidence rule.  The contract attached to Complaint as Exhibit "A" states that "any modification of this contract shall be done in writing and shall be duly signed by BANTRAB and Quantum."  (Complaint, Exhibit "A" VI(c)).  Evidence outside the contract language, which is known as parol evidence, may not be considered unless the contract contains a latent ambiguity.  *Duval Motors Co. v. Rogers*, 73 So. 3d 261, 266 (Fla. 1st DCA 2011); *Wheeler v. Wheeler, Erwin & Fountain, P.A.,* 964 So.2d 745, 749 (Fla. 1st DCA 2007); *Jenkins v. Eckerd Corp.,* 913 So.2d 43, 52–53 (Fla. 1st DCA 2005). Parol evidence includes "a verbal agreement or other extrinsic evidence where such agreement was made before or at the time of the instrument in question." *J.M. Montgomery Roofing Co. v. Fred Howland, Inc.,* 98 So.2d 484, 485 (Fla.1957). The parol evidence rule precludes consideration of such evidence "to contradict, vary, defeat, or modify a complete and unambiguous written instrument, or to change, add to, or subtract from it, or affect its construction." *Id.* at 486 (citation omitted).

Plaintiff alleges that BANTRAB, through its directors, agreed to modify the commission that was to be paid to Quantum to 5%.  The Contract attached as Exhibit "A" clearly provides

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **15** of 17

that the commission to be paid in the event Quantum satisfies the terms of the agreement is 1.5%. There is no ambiguity in the agreement and the agreement provides that it may not be modified unless in writing signed by both parties. As such, all allegations concerning an oral agreement between BANTRAB and Plaintiff are barred.

## DEMAND FOR TRIAL BY JURY

Defendants, pursuant to Federal Rule of Civil Procedure 38, hereby file this written demand for trial jury as to all counts so triable.

## RESERVATION OF RIGHTS TO SUPPLEMENT DEFENSES

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

THIS, 16th day of December, 2014.

Respectfully Submitted,

**DORTA & ORTEGA, PA**

 /s/
**/s/ Omar Ortega, Esq.**
Florida Bar No. 0095117
**Nicole Ruesca, Esq.**
Florida Bar No. 0099127
3860 S.W. 8 Street, Suite PH
Coral Gables, Florida 33134
Telephone:     (305) 461-5454
Facsimile:     (305) 461-5226
oortega@dortaandortega.com
nruesca@dortaandortega.com
hreyes@dortaandortega.com
*Counsel for Defendants*

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **16** of 17

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on December 16, 2014, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<div align="center" style="margin-left:40%">

**/s/ Omar Ortega**_____
OMAR ORTEGA

</div>

Alex M. Gonzalez, Esq.
Israel J. Encinosa, Esq.
Michael D. Redondo, Esq.
**Holland & Knight, LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
alex.gonzalez@hklaw.com
israel.encinosa@hklaw.com
michael.redondo@hklaw.com
michael.rothenberg@hklaw.com

*Counsel for Plaintiff*

*Quantum Capital, LLC v. Banco de los Trabajadores, et al.;* Case No. 1:14-CV-23193-UU
Defendants' Answer and Affirmative Defenses to Amended Complaint
Page **17** of 17